865 F.2d 46
 Jim D. MESALIC, Appellee,
v.
Frances SLAYTON, as Mayor of the Township of Jefferson and
individually, John Sherman, as Forester of the Township of
Jefferson and individually, and the Township Council of the
Township of Jefferson, New Jersey, Appellants.
 No. 88-5613.
 United States Court of Appeals,
Third Circuit.
 Submitted under Third Circuit Rule 12(6)
Dec. 13, 1988.
Decided Dec. 28, 1988.
 
 Lawrence P. Cohen, Cohen & Kron, Succasunna, N.J., for appellants.
 Herbert J. Stern, Hellring, Lindeman, Goldstein, Siegal, Stern & Greenberg, Newark, N.J., for appellee.
 Before GIBBONS, Chief Judge, and HUTCHINSON and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 HUTCHINSON, Circuit Judge.
 
 
 1
 Jim D. Mesalic purchased 83.58 acres of land from the Township Council of Jefferson, New Jersey in the fall of 1986 for $735,000. On May 14, 1987, he filed a verified complaint and order to show cause against the Township Council, Frances Slayton, as Mayor of the Township and individually, and John Sherman, as Forester of the Township and individually. The complaint asserts that Sherman denied him access to his property, that the mayor informed Mesalic he would never be permitted to develop the property, and that steps were taken to deprive him of the use of the land. Mesalic sought injunctive and monetary relief pursuant to 42 U.S.C. Sec. 1983, alleging the appellants' actions constituted an unlawful taking of his property, denied him due process of law, and were an unlawful deprivation of liberty under the Fifth and Fourteenth Amendments. The complaint also asserted pendent state-law claims.
 
 
 2
 The district court entered on order to show cause on May 14, 1987 and temporarily enjoined appellants "from interfering with plaintiff's and his consultants' access to [the] property." Appendix at 32-33. Soon thereafter the parties began settlement negotiations. This culminated in a Stipulation of Settlement and Order of Dismissal, signed by representatives of all parties, and entered by the district court on July 6, 1987. Paragraph eight of the stipulation provides:
 
 
 3
 All the named parties agree to comply in good faith with, and to cooperate and proceed diligently, fairly and in good faith under, now existing Jefferson Township Ordinances (or to challenge the validity thereof in proper fashion, or to file appropriate application for a variance and, if necessary, to file an action or to take an appeal as to any adverse decision thereon), and under state and federal law, with respect to the preparation, submission, informal and formal review, and amendment (if necessary) of plaintiff's forthcoming subdivision(s) and/or site plan application(s) and other documents for the development of plaintiff's Jefferson Township parcels of real property.
 
 
 4
 Id. at 42.
 
 
 5
 Mesalic proceeded to prepare the necessary plans. The Township Planning Board reviewed his concept plan on July 7, 1987 and Mesalic submitted detailed plans on December 22, 1987. On February 2, 1988, the planning board declared the plans complete except for a supplemental environmental report which was submitted on March 1, 1988. The following day the Township Council amended the zoning ordinance, and this new provision was itself amended on March 16, 1988. Both of these provisions took effect on March 27, 1988. The planning board denied Mesalic's application on May 17, 1988 for failure to comply with the amendments.
 
 
 6
 Mesalic immediately filed an order to show cause why an order should not be entered prohibiting the appellants from applying the amendments to his property and directing them to deal in good faith. The district court granted the requested relief, finding that paragraph eight of the stipulation required the appellants to evaluate Mesalic's plans under the zoning ordinances as they existed when the stipulation was entered. Mesalic v. Slayton, 689 F.Supp. 416, 419 (D.N.J.1988). The court noted appellants' argument that under state law they had no authority to enter into such an agreement unless the agreement was ratified by resolution or ordinance. It did not resolve this issue, however, instead stating that "the enforceability of paragraph eight depends on whether the court had jurisdiction to order the relief contained therein. Jurisdiction existed if plaintiff's federal claims were colorable, and if the relief was fairly designed to cure the constitutional violations." Id. at 420. The court found that both prongs of this test had been met and concluded that "[t]he Stipulation and Order, being based on colorable allegations of federal constitutional violations, overrides any state law to the contrary." Id. at 422.
 
 
 7
 We find no error in the district court's construction of paragraph eight. This provision clearly requires appellants to apply "now existing" municipal law to Mesalic's submissions. It does not, as they contend, bar application of federal and state law adopted subsequent to the entry of the stipulation, promises they would have no authority to make to Mesalic. This is readily evident from the placement of the phrase "now existing," which modifies "Jefferson Township Ordinances," not "state and federal law." Appellants also argue that the absence of a specific time limitation bespeaks an intent not to limit the Township Council's ability to apply zoning changes to Mesalic's property. Paragraph eight's requirement that the parties proceed diligently is dispositive of this contention.
 
 
 8
 Similarly, we find no merit to appellants' claim that the district court erred in not holding a hearing pursuant to Federal Rule of Civil Procedure 43. No request for a hearing was made to the district court. In any event, given the clear wording of paragraph eight, we cannot say that a denial of a request for a hearing would have been an abuse of discretion.
 
 
 9
 We also conclude that the relief granted was in accordance with New Jersey law. In Kruvant v. Cedar Grove, 82 N.J. 435, 414 A.2d 9 (1980), the trial court refused to apply a zoning ordinance amendment to the plaintiff's property which was not adopted within the time period prescribed by the trial court. The New Jersey Supreme Court affirmed, noting that while on direct review the statute in effect at the time of the decision is applied, "the principle is not inexorable.... Where a court has set a reasonable time limitation within which a municipality must act and that condition has not been met, a municipality may not ignore a court order and interfere with the judicial process." Id. 414 A.2d at 12. The court also cited with approval an Illinois decision in which a court refused to consider a zoning amendment adopted in violation of an injunction. Id.
 
 
 10
 In this case, the parties' stipulation attained the force of a court order once it was entered by the district court. It represented a decision by the council and the other appellants to apply the zoning ordinances as they existed at that time in good faith, rather than to proceed with the litigation and risk the imposition of injunctive relief and an award of monetary damages and attorneys' fees. This of necessity included a promise not to amend the ordinance with respect to Mesalic's property. Since the entity responsible for enacting any such amendments was a party to the stipulation, we see no difficulty in holding it to its freely tendered commitment to the court. To rule otherwise would permit it to "ignore a court order and interfere with the judicial process." Id.; see also, Urban Farms, Inc. v. Franklin Lakes, 179 N.J.Super. 203, 431 A.2d 163, 173 (App. Div. 1983) ("wholly antithetical to integrity and the legitimacy of the judicial process" for municipality to participate in litigation in apparent good faith and then to render court's judgment a nullity through legislative action available from the outset, and, while not precluding municipality from doing so where public interest requires, placing burden of proving such action serves the public interest on municipality).
 
 
 11
 Finally, we reject appellant's contention that the district court's order amounts to an improper exercise of legislative powers. They reason that the order compels them to "treat the [amendments] as if [they] had never been passed and adopted." Brief of Appellants at 29. In reality, it only bars application of the amendments to Mesalic's property in accordance with the Township's legislative body's pledge to the court. The failure to name as a party the Planning Board, which actually rejected Mesalic's application, is therefore also of no consequence--the amendments must be deemed to have excluded the Mesalic property as long as he diligently presented his application.
 
 
 12
 For the reasons set forth above, the order of the district court will be affirmed.